## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
### Northern Division

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THERESE J. MOOG AND MARK R. MOOG, AS OWNERS OF A 23-FOOT 2017 BEAN MARINE FABRICATION CUSTOM RECREATIONAL VESSEL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. |

## COMPLAINT IN ADMIRALTY FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

Limitation Plaintiffs Therese J. Moog (hereinafter "Mrs. Moog") and Mark R. Moog (hereinafter, "Mr. Moog" and, together with Mr. Moog, collectively, the "Limitation Plaintiffs"), as owners of the 23-foot 2017 Bean Marine Fabrication Custom recreational vessel (Hull Identification Number: KQD10063F717, Idaho Registration Number: ID7723AW) (hereinafter, the "Limitation Vessel") in this action for exoneration from or limitation of liability, allege as follows:

### Jurisdiction and Venue

1.      This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.  Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of

Civil Procedure, as the Limitation Vessel has not been attached or arrested, no suit has been

commenced against the Limitation Plaintiffs, and the Limitation Vessel is within this District.

**The Limitation Plaintiffs,
the Limitation Vessel, and the Collision**

3.      At all material times, Mrs. Moog was and is an Idaho resident, residing in

Lewiston, Idaho.

4.      At all material times, Mr. Moog was and is an Idaho resident, residing in

Lewiston, Idaho.

5.      The Limitation Vessel is a 23-foot 2017 Bean Marine Fabrication Custom

recreational vessel with Hull Identification Number KQD10063F717.

6.      The Limitation Vessel is registered with the State of Idaho under registration

number ID7723AW.

7.      At all material times, the Limitation Plaintiffs were and are the owners of the

Limitation Vessel.

8.      The Limitation Vessel currently is located within this District.

9.      On the evening of July 13, 2018, Mr. Moog and his guests were underway aboard

the Limitation Vessel on the Snake River, in the vicinity of Lewiston, Idaho (hereinafter, the

"Voyage").

10.     The Limitation Vessel was floating with the current with its interior lights and its

navigation lights illuminated, when another vessel suddenly collided with it (hereinafter, the

"Collision").

11.     Mr. Moog, Amanda Davis, and Kody Portlock were aboard the Limitation Vessel

for the Voyage.

12.     Mrs. Moog was not aboard the Limitation Vessel for the Voyage.

2

13.     On information and belief, the vessel that collided with the Limitation Vessel was a 2001 Thunder Jet recreational vessel, registered in the State of Washington, with the registration number WN 7294 SA (hereinafter, the "Thunder Jet").

14.     On information and belief, Christopher Ball, Jody Ball, Sonni Appleford, Dustin Appleford, Stacy Wilkinson, and Bryan Wilkinson were aboard the Thunder Jet at the time of the Collision.

15.     The sun had set at or around 7:56 p.m, at least one hour prior to the Collision.

16.     The night was clear, but dark, with little to no lunar illumination.

17.     At and around the site of the Collision, the topography of the river banks prevents boaters from seeing past bends in the river.

18.     At the time of the Collision, the Limitation Vessel was positioned toward the east bank of the river, out of the normal flow of vessel traffic, with its bow toward the center of the river and its stern toward the east bank.

19.     Prior to the Collision, Mr. Moog heard the Thunder Jet approaching from the north and observed its navigation lights as it came around a bend in the river.

20.     Based on his perception of the Thunder Jet, Mr. Moog initially believed that the Thunder Jet was operating near the center of the river and that it presented no threat to the Limitation Vessel.

21.     However, as the Thunder Jet approached, Mr. Moog observed its course trending more and more to port, such that it remained on a constant bearing from the Limitation Vessel, with a decreasing range:  thus, it was on a collision course with the Limitation Vessel.

22.     While Mr. Moog attempted to take evasive action, he, Ms. Davis and Mr. Portlock shouted at the Thunder Jet in an attempt to get its operator's attention.

I-1582442.4

23.     Despite this effort, the Thunder Jet collided with the Limitation Vessel.

24.     On information and belief, the operator of the Thunder Jet attempted to maneuver to avoid a collision, but was unable to do so because the Thunder Jet was traveling too fast to avoid colliding with the Limitation Vessel once the Thunder Jet's operator realized it was ahead of the Thunder Jet.

25.     Prior to the Collision, the Thunder Jet was running on plane at high speed.

26.     On information and belief, prior to the Collision, the Thunder Jet was traveling at a speed that was too fast to allow it to take effective action to avoid collision and be stopped within a distance appropriate under the circumstances: a winding river on a dark night with other small boat traffic in the vicinity.

27.     At the time of the Collision, the Thunder Jet was being operated in violation of Inland Navigational Rule 6 (33 C.F.R. § 83.06).

28.     At the time of the Collision, the Thunder Jet was being operated in violation of Inland Navigational Rule 5 (33 C.F.R. § 83.05).

29.     But for the violation of Rules 5 and 6, the Collision would not have occurred.

30.     The Limitation Vessel was damaged by the Collision.

31.     The Limitation Plaintiffs purchased the Limitation Vessel new for Ninety-Three Thousand Seven Hundred Fifty-Four and 7/100 Dollars ($93,754.07) in June 2017.  (A true and correct copy of Mrs. Moog's Affidavit, attesting to the purchase price, is attached as **Exhibit 1**).

32.     The projected cost of repairing the damage the Limitation Vessel sustained in the Collision has been estimated as Sixty-Five Thousand Six Hundred Ninety-Five and 70/100 Dollars ($65,695.70).  (A true and correct copy of the Affidavit of Todd Cory, attaching a copy of his repair cost estimate, is attached as **Exhibit 2**).

4

33.     The total estimated value of the Limitation Plaintiff's interest in the Limitation Vessel at the end of the Voyage is Twenty-Eight Thousand Fifty-Eight and 37/100 Dollars ($28,058.37).

34.     The Limitation Vessel had no pending freight at the close of the Voyage.

35.     On information and belief, the Thunder Jet was damaged by the Collision.

36.     On information and belief, one or more of the passengers who were aboard the Thunder Jet at the time of the Collision was injured by the Collision.

37.     The Limitation Plaintiffs have not received written notice of any potential claims arising out of the Voyage.

38.     At the site of the Collision, the Snake River forms the border between the States of Idaho and Washington and is navigable in fact.

39.     The Snake River, at the site of the Collision, is a part of the navigable waters of the United States.

40.     The Collision was an accident involving vessels in the navigable waters of the United States.

41.     Collisions between vessels in navigable waters, like the Collision at issue here, have the potential to have a disruptive impact on maritime commerce: such collisions may, *inter alia*, obstruct the waterway or require rescue or salvage efforts that disrupt maritime commerce.

42.     The navigation of a vessel is a traditional maritime activity.

**Limitation Plaintiffs'**
**Claim for Exoneration or Limitation**

43.     Limitation Plaintiffs file this claim for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501-12, prior to their receipt of written notice of any claim.

I-1582442.4

44.     Subject to an appraisal of their interests in the Limitation Vessel, Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of claimants, an *Ad Interim* Stipulation for security in the sum of Twenty-Six Thousand Two Hundred Forty-Three and 30/100 Dollars ($26,243.30) (hereinafter, the "Stipulation"), plus interest at six percent (6%) per annum from the date of said Stipulation.   Limitation Plaintiffs are depositing with the Court, coincident with the filing of this Complaint, a Stipulation for Costs in the sum of One Thousand Dollars and 00/100 ($1,000.00) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

45.     At all material times, the Limitation Vessel was seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose.

46.     Any injuries or damages arising from the Voyage or Collision were occasioned and incurred without Limitation Plaintiffs' privity or knowledge.

47.     Limitation Plaintiffs claim the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contest each of their liability and the liability of the Limitation Vessel for any loss or damage arising out of the Voyage or Collision.

48.     The Collision and all losses and damages caused thereby or otherwise incurred during or arising from the Voyage or Collision were not due to any fault, negligence, or lack of due care on the part of the Limitation Plaintiffs or the Limitation Vessel, nor were any losses and damages occasioned by any unseaworthiness of the Limitation Vessel.  Instead, any losses and damages incurred during or arising from the Voyage or Collision were due solely to and caused solely by the negligence of others for whom Limitation Plaintiffs were not responsible

I-1582442.4

(including, but not limited to, the Thunder Jet, its owner(s), and its operator(s)), or were due to other causes for which Limitation Plaintiffs are not liable.

49.     Limitation Plaintiffs contest each of their liability and the liability of the Limitation Vessel for any injuries, losses or damages occasioned or incurred during or arising from the Voyage or Collision and have valid defenses thereto based upon the facts and law.

50.     Although filing the *Ad Interim* Stipulation for security herein, Limitation Plaintiffs expressly deny that they or the Limitation Vessel are liable for any loss or damage. Limitation Plaintiffs hereby claim and reserve the right to contest in this or any other court any claim of liability against either of them.

WHEREFORE, Limitation Plaintiffs Therese J. Moog and Mark R. Moog pray that this Honorable Court will:

1.     Enter an Order approving the above-described *Ad Interim* Stipulation for security, in the amount of Twenty-Eight Thousand Fifty-Eight and 37/100 Dollars ($28,058.37), for which the Limitation Plaintiffs deposit a Letter of Undertaking with the Court, as security for the total value of their interests in the Limitation Vessel.

2.     Issue a notice to all persons asserting claims, with respect to which the Limitation Plaintiffs seek limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for Limitation Plaintiffs a copy thereof and an answer to this Complaint (unless the claim includes an answer so designated) on or before a date to be fixed by the Court;

3.     Issue an injunction restraining and enjoining the prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and

I-1582442.4

prosecution thereafter of any and all suits, actions or proceedings of any nature or description in any jurisdiction against either or both of the Limitation Plaintiffs as aforesaid or against the Limitation Vessel or against any other property of either or both of the Limitation Plaintiffs except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during the Voyage or Collision;

4.      Enter judgment in favor of Therese J. Moog exonerating her from any loss, damage, injury or liability for any claims in any way arising out of or resulting from the Voyage or Collision;

5.      If Mrs. Moog shall be judged liable and if she be found to have any interest remaining in the Limitation Vessel, limit her liability to the value of such interest;

6.      Enter judgment in favor of Mark R. Moog exonerating him from any loss, damage, injury or liability for any claims in any way arising out of or resulting from the Voyage or Collision;

7.      If Mr. Moog shall be judged liable and if he be found to have any interest remaining in the Limitation Vessel, limit his liability to the value of such interest; and

8.      Afford to the Limitation Plaintiffs such other and further relief as the Court deems just and proper.


                                      THERESE J. MOOG and
                                      MARK R. MOOG


                                      By: /s/ Gary Montgomery
                                                    Of Counsel

Gary Montgomery (ISB No. 1332)
Montgomery Dowdle
13965 W. Chinden Blvd., Suite 115
Boise, Idaho 83713
Telephone:    208.378.8882
Facsimile:       866.991.4344
*gary@montgomerydowdle.com*

Christopher A. Abel, *not yet admitted pro hac vice*
William A. M. Burke, *not yet admitted pro hac vice*
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:    757.628.5500
Facsimile:       757.628.5566
*cabel@wilsav.com*
*wburke@wilsav.com*

*Counsel for Limitation Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**
**Northern Division**

<table>
<tr>
<td>
IN THE MATTER OF THE COMPLAINT OF THERESE J. MOOG AND MARK R. MOOG, AS OWNERS OF A 23-FOOT 2017 BEAN MARINE FABRICATION CUSTOM RECREATIONAL VESSEL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY
</td>
<td>
Case No.
</td>
</tr>
</table>

**<u>AFFIDAVIT OF THERESE J. MOOG</u>**

I, Therese J. Moog, being duly sworn, submit the following affidavit:

     1.     My name is Therese J. Moog. I am over the age of 18 and competent to make this Affidavit.

     2.     I am a co-owner, with Mark R. Moog, of a 23-foot 2017 Bean Marine Fabrication Custom recreational vessel with Hull Identification Number KQD10063F717 and Idaho Registration Number ID7723AW (hereinafter, the "Limitation Vessel").

     3.     Mr. Moog and I bought the Limitation Vessel in June 2017 for a total price of $93,754.07.

     4.     Prior to the accident on July 13, 2018, in which the Limitation Vessel was damaged, I estimate that its value was no more than this same amount.

     5.     Although used, prior to the accident on July 13, 2018, the Limitation Vessel had not suffered any damage and was in like-new condition.

     6.     On or about July 24, 2018, Todd Cory inspected the Limitation Vessel in Lewiston, Idaho.

FURTHER THE AFFIANT SAYETH NOT.

_____
THERESE J. MOOG

**STATE OF IDAHO, CITY / COUNTY OF** Nez Perce **to wit:**

On this 22nd day of January, 2019, before me, a notary in and for the State of Idaho in the City or County aforesaid, personally appeared Therese J. Moog, who:

X is personally known to me, or _____ has produced Driver's License as identification, appeared before me, a notary in and for the State of Idaho, and being duly sworn, executed the foregoing Affidavit and acknowledged the Affidavit to be her free and voluntary act and deed.

IN WITNESS WHEREOF I have hereunto set my hand and official seal, this day and year first written above.

_____
Notary Public

Notary Registration Number: 68695

My Commission Expires: 10/24/2022

I-1583701.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**
**Northern Division**

<table>
<tr>
<td>IN THE MATTER OF THE COMPLAINT OF THERESE J. MOOG AND MARK R. MOOG, AS OWNERS OF A 23-FOOT 2017 BEAN MARINE FABRICATION CUSTOM RECREATIONAL VESSEL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY</td>
<td>Case No.</td>
</tr>
</table>

## AFFIDAVIT OF TODD CORY

I, Todd Cory, being duly sworn, submit the following affidavit:

1.      My name is Todd Cory. I am over the age of 18 and competent to make this Affidavit.

2.      I am employed by Progressive Northwestern Insurance Company as a claims adjuster.

3.      As part of my duties, I often am required to assess the damage sustained by vehicles in accidents and to assess the cost of repairing such damage.

4.      I was assigned to assess the damage sustained by a 23-foot 2017 Bean Marine Fabrication Custom recreational vessel with Hull Identification Number KQD10063F717 and Idaho Registration Number ID7723AW (hereinafter, the "Limitation Vessel"), in a collision that occurred on or about July 13, 2018.

5.      On July 24, 2018, in Lewiston, Idaho, I inspected the Limitation Vessel and assessed the damage it had sustained in the July 13 collision.

6.      After assessing the damage to the Limitation Vessel, I created a Projected Estimate of the cost to repair the damage to it and return it to its pre-loss condition.

Exhibit 2

7.   estimated to cost $65,695.70 to repair the damage sustained by the Limitation Vessel in the July 13 collision.

8.   A true and correct copy of the Projected Estimate, dated July 24, 2018, and bearing Estimate ID number 18-2841130-01, is attached to this Affidavit.

9.   The Projected Estimate is based on market-rate prices for replacement parts and labor in the vicinity of Lewiston, Idaho.

10.   The Projected Estimate is a true, correct, and accurate estimate of the cost to repair the Limitation Vessel and return it to its pre-loss condition, to the best of my knowledge and information and based on my training and experience as a vehicle damage claims adjuster.


FURTHER THE AFFIANT SAYETH NOT.

_Todd Co_

TODD CORY


**STATE OF IDAHO, CITY / COUNTY OF** ___Kootenti___ **to wit:**

On this 24ᵗʰ day of January, 2019, before me, a notary in and for the State of Idaho in the City or County aforesaid, personally appeared Todd Cory, who:

____ is personally known to me, or __✓__ has produced ___Idaho Drivers License___ as identification, appeared before me, a notary in and for the State of Idaho, and being duly sworn, executed the foregoing Affidavit and acknowledged the Affidavit to be his free and voluntary act and deed.

IN WITNESS WHEREOF I have hereunto set my hand and official seal, this day and year first written above.

Notary Public

Notary Registration Number: __65962__

My Commission Expires: __7.20.2021__

KEVIN P. CASEY
COMMISSION NUMBER 65962
NOTARY PUBLIC
State of Idaho
My Commission Expires 07/20/2021

I-1583712.1