UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THERESE J. MOOG AND MARK R. MOOG, AS OWNERS OF A 23-FOOT 2017 BEAN MARINE FABRICATION CUSTOM RECREATIONAL VESSEL, FOR EXONERATION FORM OR LIMITATION OF LIABILITY | Case No. 3:19-cv-00030-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

In this admiralty action, Limitation Plaintiffs Therese J. Moog and Mark R. Moog ("Limitation Plaintiffs") seek to dismiss or strike the second cause of action for change of venue ("Second Cause of Action") asserted in the Claim filed in this matter by Claimants Bryan D. Wilkinson and Stacy A. Wilkinson ("Claimants"). Dkt. 16. Claimants have not opposed the Motion to Dismiss or Strike Claimants' Second Cause of Action (hereinafter "Motion"). Dkt. 22. In the interest of avoiding delay, and because this Court finds the decision would not be significantly aided by oral argument, the Court will decide the Motion on the record without oral argument. Local Rule 7.1(d)(1)(B). For the reasons stated herein, the Court GRANTS the Motion and strikes Claimants' Second Cause of Action from the Claim.

## I. BACKGROUND

On January 25, 2019, the Limitation Plaintiffs filed a limitation of liability action under the terms of the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

(hereinafter "Limitation Act").[1] Dkt. 1. In the complaint, Limitation Plaintiffs seek exoneration from or limitation of liability with respect to any and all claims arising from a June 13, 2018 collision between their boat ("Moog Boat") and another boat, owned by Christopher Ball ("Ball Boat"), on the Snake River, in the vicinity of Lewiston, Idaho. *Id*. at ¶¶ 9, 13-14. On March 29, 2019, Claimants initially filed a "Complaint for Damages and Answer to Defendants' Complaint in Admiralty for Exoneration from or Limitation of Liability." Dkt. 10. Claimants subsequently withdrew their "Complaint," and, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, which govern limitation actions like this one, filed a Claim and Answer on April 19, 2019.[2] Dkts. 16, 18; *see also* Supp. R. F(5).

Claimants are Washington residents, and were passengers on the Ball Boat when the Moog Boat and the Ball Boat collided. Claimants allege the damages they incurred as a result of the collision exceed the Limitation Plaintiffs' security in the amount of $28,058.37. Dkt. 16, at ¶ 27. Pursuant to 46 U.S.C. § 30505(b), Claimants allege in their First Cause of Action that the Limitation Plaintiffs were negligent and reckless at the time of the collision, and that such negligent and reckless operation was "within the privity

---

[1] A limitation of liability action is "like a combination of a declaratory judgment and interpleader: the limitation plaintiff affirmatively seeks a finding by the court that it is free of or able to limit its liability to the value of the vessel involved in the action, and then, if it finds that limitation is appropriate, the Court distributes the limitation fund among the claimants according to the value and priority of their claims." Dkt. 15, at 1-2.

[2] Supplemental Rule F provides that the "Complaint" is the pleading by which a limitation action is commenced by a vessel owner seeking exoneration or limitation of liability. Supp. R. F(2). To contest the assertion of liability, a "claimant" must do so by filing either a claim, or an answer including a claim, against the vessel owner. Supp. R. F(5).

and knowledge of the [Limitation Plaintiffs] at the time of the collision. *Id*. at ¶ 45. Claimants' Second Cause of Action is for "Change of Venue," and alleges venue of this matter should be transferred to Idaho State Court, Second Judicial District, under the "savings" clause of 28 U.S.C. § 1333. *Id*. at ¶¶ 54-55. The Limitation Plaintiffs ask the Court to dismiss or strike Claimants' Second Cause of Action as "either a misplaced affirmative defense or an improperly-filed motion to dismiss." Dkt. 23, at 1. Claimants failed to respond to the Motion.

## II. LEGAL STANDARD

The Motion does not cite to or analyze the appropriate standard for the relief sought. While the Limitation Plaintiffs seek either an order striking or an order dismissing Claimants' Second Cause of Action, the Court has determined the Motion should be treated as a motion to strike. Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). A defense may be found "insufficient" as a matter of pleading or as a matter of substance. With respect to substantive insufficiency, a motion to strike a defense is proper "when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir.1982).

## III. ANALYSIS

The Limitation Plaintiffs suggest the Second Cause of Action should be dismissed

or stricken because it is procedurally improper. In their Second Cause of Action, Claimants ask the Court to remand this matter to Idaho state court. Although Claimants admit this Court has jurisdiction "over the matter as it is related to the [Limitation Plaintiffs'] Complaint in admiralty and federal courts have original jurisdiction in cases sounding in admiralty," the Second Cause of Action states Claimants' damages arising from the Limitation Plaintiffs' negligence should "properly be brought within the state court system" Dkt. 16, at ¶¶ 36, 57.

Pursuant to Federal Rule of Civil Procedure 7(b)(1), Claimants' request that the Court remand this case to an Idaho state court requires a motion. Notably, there is no action pending in Idaho state court, so this Court cannot simply transfer the action. Instead, to afford the relief Claimants seek, the Court would have to either dismiss this action or stay it and dissolve the injunction imposed in the Court's Order Accepting Security and for Publication and Stay. Dkt. 8. While Claimants may challenge the Court's subject matter jurisdiction at any time, the proper procedure for doing so must nevertheless be observed.

If Claimants desire dismissal of this action because the Court purportedly lacks subject matter jurisdiction, the proper means would be for them to file a written motion accompanied by an appropriate memorandum in support.[3] Fed. R. Civ. Proc. 7(b)(1)(A) (motions, unless made at hearing or trial, must be in writing); Local Rule 7.1(b)

---

[3] Of course, the Court has an independent obligation to determine it has subject matter jurisdiction, even in the absence of a challenge from any party. As noted *infra*, the Court is satisfied that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

(requiring most motions to be accompanied by a memorandum in support); *see also Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Although Claimants are permitted to challenge the Court's jurisdiction as an affirmative defense, the Second Cause of Action seeking remand for "Change of Venue" is procedurally improper. Where, as here, defendants raise an objection to venue in their responsive pleading, the objection must be asserted as an affirmative defense, not as a counterclaim. *See, e.g.*, WRIGHT & MILLER, 14D FEDERAL PRACTICE AND PROCEDURE § 3826 (4th ed. 2019). Moreover, the Second Cause of Action is redundant because the Claim and Answer already challenges venue in both its jurisdictional statement and as an affirmative defense. Dkt. 16, ¶ 30, ¶ 36 ("this action for damages due to [the Limitation Plaintiffs'] neglect should properly be brought in the state courts of the State of Idaho").

The Limitation Plaintiffs also challenge the Second Cause of Action as substantively insufficient. To consider this argument, a brief background regarding admiralty law is appropriate. The Limitation Act confers upon vessel owners the right to limit their personal liability for any loss or damage arising out of an accident on navigable waters incurred without the privity or knowledge of such owners. 46 U.S.C. § 30505. Shipowners who successfully invoke the protections of the Limitation Act are entitled to limit their liability to the value of the vessel at fault together with pending freight. *Id*.

Once a shipowner has complied with preliminary procedural requirements, the federal district court must enjoin all other actions which relate to the subject of the limitation proceeding and require all persons who have claims arising out of the same accident to assert them in the district court. *In the Matter of the Complaint of Midland Enterprises*, 886 F.2d 812, 813 (6th Cir. 1989). The federal court's jurisdiction over the limitation action is exclusive. *Langnes v. Green*, 282 U.S. 531, 540 (1931). "Thereafter, in a proceeding known as *concursus*, the district court, sitting in admiralty without a jury, determines 'whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed.'" *In the Matter of the Complaint of Dammers et. al*, 836 F.2d 750, 754 (2d Cir. 1988) (quoting *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir. 1979)).

As Claimants suggest, the Limitation Act's stay and forced *concursus* of claims conflicts with the jurisdictional grant for admiralty causes of action enumerated in 28 U.S.C. § 1333(1). Specifically, the aforementioned provision provides that federal courts have exclusive jurisdiction over any civil case of admiralty or maritime jurisdiction, "saving to suitors in all cases all remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This "savings clause" reserves to suitors the right to a common-law remedy, including a jury trial in state court. *Midland Enterprises*, 886 F.2d at 814.

Courts have resolved the tension between the Limitation Act and the savings clause by allowing claimants to pursue their claims in the forum of their choice before juries under two circumstances. First, if the limitation fund exceeds the aggregate of all

claims, then claimants must be allowed to seek the forum of their choice. *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154 (1957).[4] Second, if there is a single claimant, the district court must dissolve the stay of other proceedings if the claimant provides the vessel owner with safeguards secured by stipulations filed in the limitation proceeding. *Lagnes*, 282 U.S. at 540-44. Specifically, in order to seek remedies in a non-admiralty forum, claimants must: (1) file a claim in the limitation proceeding; (2) where a stipulation for value has been filed, concede to the sufficiency in amount of the stipulation[5]; (3) consent to waive any claims of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court; and (4) concede the shipowner's right to litigate all issues relating to limitation in the limitation proceeding. GRANT GILMORE & CHARLES L. BLACK, JR., THE LAW OF ADMIRALTY § 10-18 (2d ed. 1975).

---

[4] When the limitation fund is sufficient to pay all potential claims, a *concursus* is unnecessary because the claimants need not compete among themselves for larger portions of a limited fund. "This exception to the *concursus* procedure protects the claimant's right to a jury trial in the forum of his choice without undermining the Limitation Act's policy of limiting the shipowner's liability to the value of the vessel and its freight." *S & E Shipping Corp. v. Chesapeake & Ohio R.R.*, 678 F.2d 636, 643 (6th Cir. 1982).

[5] There is a distinction between the shipowner's *right to limit* liability and his *right to seek limitation* of liability. If a claimant concedes the right to limit liability, the shipowner is entitled to limited liability and the only remaining question is the value of the limitation fund. However, if the claimant merely acknowledges that the shipowner may attempt to limit its liability, but plans to contest the factual predicate for protection under the statute (i.e., whether the injury resulted from any act, matter, or thing done, occasioned or incurred, without the privity or knowledge of the owner or owners) then the claimant must enter into the third *res judicata* stipulation as well. Michael L. Bono, *Protective Stipulations and the Single Claimant Exception in Limitation of Liability Proceedings*, 17 Tulane Maritime L. J. 257, 274 (1993).

Neither of the two exceptions to this Court's jurisdiction over the limitation action are present. Claimants contest the amount of the limitation fund and allege it is insufficient to satisfy their claims. The first exception is thus inapplicable. When a fund created pursuant to the Limitation Act is inadequate to cover all damages and, as here, the vessel owner has sought protection of the Limitation Act, issues arising from a collision must be litigated within the limitation proceeding. *Lank Tankers Corp.*, 354 U.S. at 151. Nor have Claimants stipulated to the conditions outlined above. Claimants cannot move to stay this action and dissolve the *concursus* of claims absent such stipulation. *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 675 (5th Cir 1996).

## IV.     CONCLUSION

Claimants' Second Cause of Action is procedurally improper, redundant, and seeks relief which cannot be obtained by way of a pleading, but rather must be sought by motion. Moreover, even if the Second Cause of Action could be construed as a motion, it would be denied because the Limitation Act requires this limitation action to remain in this Court until the limitation issues have been resolved or all claimants enter into appropriate stipulations. Neither exception has occurred. Accordingly, the Claimants' Second Cause of Action is substantively insufficient.

## V.     ORDER

1. The Limitation Plaintiff's Motion to Dismiss or Strike Claimants' Second Cause of Action (Dkt. 22) is **GRANTED.** Claimants' Second Cause of Action is stricken;

2. Within twenty-one (21) days of the date of this Order, Claimants shall file an Amended Answer and Claim in compliance with this Order.

DATED: August 14, 2019

_____
David C. Nye
Chief U.S. District Court Judge